USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

RALPHIE HAYES, :
                Plaintiff, :

v. :

      :

ORANGE COUNTY SHERIFF CARL E. :
DUBOIS, LT. PENNY, SGT. L. MORENO :
#040, SGT. ZEPPLIN #062, SGT. K. KISZKA :
#134, COLONEL KENNETH DECKER, ERT :
OFFICER CARDWELL, and N.Y.S :
COMMISION OF CORRECTION :
COMMISSIONER THOMAS J. LOUGHREN, :
              Defendants. :

------------------------------------------------------------x

**OPINION AND ORDER**

17 CV 6145 (VB)

Briccetti, J.:

     Plaintiff Ralphie Hayes, proceeding pro se and in forma pauperis, brings this action under

42 U.S.C. § 1983, alleging defendants at Orange County Jail ("OCJ") subjected him to an illegal

body search in violation of his constitutional rights.

     Before the Court is defendants' unopposed motion to dismiss the complaint pursuant to

Rule 12(b)(6). (Doc. #17).

     For the reasons set forth below, the motion is GRANTED. However, plaintiff is granted

leave to file an amended complaint, with the limitations explained below.

     The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

     For the purpose of deciding the pending motion, the Court accepts as true all well-

pleaded factual allegations in the complaint, and draws all reasonable inferences in plaintiff's

favor, as summarized below. The following facts are taken from the complaint and the

documents attached thereto or incorporated by reference therein.[1]

---

[1]      "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6),

On February 1, 2017, while plaintiff was an inmate at OCJ, the inmates in plaintiff's housing unit were subjected to strip searches. In conducting plaintiff's strip search, ERT Officer Cardwell instructed plaintiff to "grab [his] butto[cks] and spread them apart." (Compl. at 3).[2] Plaintiff initially refused to do so, and told Cardwell he was violating plaintiff's rights. Cardwell allegedly "forced" plaintiff to comply. (Id.).

Plaintiff alleges Sergeants Moreno and Zepplin authorized the search, and Lieutenant Penny was the shift commander at the time. Plaintiff also alleges seven other officers were in the housing unit when plaintiff was searched.

On February 5, 2017, plaintiff filed a grievance regarding the search. On February 10, Sergeant Kiszka denied plaintiff's grievance, noting the search was "within facility policy and procedure." (Compl. Ex. A). Plaintiff appealed the decision and Colonel Decker denied that appeal. Plaintiff again appealed. On April 13, 2017, the New York State Commission of Correction notified Sheriff Dubois of its review and final disposition of plaintiff's grievance, sustaining the prior denials.

Plaintiff claims "all parties involved conspire[d]." (Compl. at 3).

## DISCUSSION

I.  Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft

---

a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); Hayden v. Cty. of Nassau, 180 F.3d 42, 54 (2d Cir. 1999)).

[2]     As used herein, "Compl. at __" refers to the pre-printed page numbers on the bottom of each page of plaintiff's form complaint. (Doc. #2).

v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Id. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

II.     Plaintiff's Constitutional Claims

Defendants argue plaintiff has failed adequately to plead a violation of his constitutional rights.

The Court agrees.

A.     Eighth Amendment Claim

First, plaintiff appears to assert the body search violated his Eighth Amendment right to be free from cruel and unusual punishment.[3]

Under the Eighth Amendment, conditions of confinement "must not involve the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). To state a claim for an Eighth Amendment violation, "an inmate must allege: (1) objectively, the deprivation the inmate suffered was 'sufficiently serious that he was denied the minimal civilized measure of life's necessities,' and (2) subjectively, the defendant official acted with 'a sufficiently culpable state of mind . . ., such as deliberate indifference to inmate health or safety.'" Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013) (quoting Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001)) (alterations original).

There is no "static test" to determine a sufficiently serious deprivation under the objective prong. Blissett v. Coughlin, 66 F.3d 531, 537 (2d Cir. 1995). Rather, satisfaction of the objective prong is "context specific." Hogan v. Fischer, 738 F.3d 509, 515 (2d Cir. 2013) (internal quotation marks omitted).

---

[3]     Neither party has explained whether plaintiff was a pretrial detainee or a post-conviction inmate at the time of these events. Defendants apply the Eighth Amendment standard to plaintiff's claim, and plaintiff does not object. However, even under the more lenient standard applicable to pretrial detainees under the Fourteenth Amendment's Due Process Clause, plaintiff fails to state a claim. See Darnell v. Pineiro, 849 F.3d 17, 35 (2d Cir. 2017). Should plaintiff file an amended complaint, and should defendants move to dismiss that complaint, defendants shall clearly state whether plaintiff was a pretrial detainee or a post-conviction inmate and shall articulate the correct standard of review.

"[S]exual abuse of a prisoner by a corrections officer may in some circumstances violate the prisoner's right to be free from cruel and unusual punishment." Boddie v. Schnieder, 105 F.3d 857, 860–61 (2d Cir. 1997). Although a single incident, alone, does not preclude an Eighth Amendment claim, see Crawford v. Cuomo, 796 F.3d 252, 257 (2d Cir. 2015), sexual harassment not sufficiently "severe or repetitive" does not satisfy the objective prong. Boddie v. Schnieder, 105 F.3d at 861. For sexual abuse claims under the Eight Amendment, a plaintiff generally must allege physical contact to adequately plead the objective prong. See Holland v. City of New York, 197 F. Supp. 3d 529, 547 (S.D.N.Y. 2016) (collecting cases).

To analyze the subjective prong, "the principal inquiry is whether the contact is incidental to legitimate official duties, such as a justifiable pat frisk or strip search, or by contrast whether it is undertaken to arouse or gratify the officer or humiliate the inmate." Crawford v. Cuomo, 796 F.3d at 257–58.

Here, plaintiff alleges one instance during which defendant Cardwell instructed plaintiff to "grab [his] butto[cks] and spread them apart." (Compl. at 3). Plaintiff also does not allege defendant Cardwell ever had physical contact with him. Plaintiff does not allege any facts to suggest the search was conducted for the purpose of humiliating him or conducted independent of legitimate penological purposes. Without more, plaintiff's complaint does not articulate a sufficiently serious deprivation to satisfy the objective prong nor any culpable state of mind under the subjective prong.

Accordingly, plaintiff's Eighth Amendment claim is dismissed, but with leave to replead.

B.    Fourth Amendment Claim

Liberally construed, the complaint also appears to assert the body search violated plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.

Although not explicit in the Constitution, the Supreme Court has recognized "a right of personal privacy, or a guarantee of certain areas or zones of privacy, does exist under the Constitution." Roe v. Wade, 410 U.S. 113, 152 (1973). Inmates retain this constitutional guarantee, but only within limited circumstances. See Harris v. Miller, 818 F.3d 49, 57 (2d Cir. 2016). "To state a cognizable privacy claim, an inmate must allege that (1) he exhibited an actual, subjective expectation of bodily privacy, and (2) prison officials lacked sufficient justification to intrude on the inmate's [F]ourth [A]mendment rights." Telesford v. Annucci, 693 F. App'x. 1, at 3 (2d Cir. 2017) (summary order) (internal quotation marks omitted).[4]

When analyzing the sufficient justification prong for a claim premised on an isolated search, courts apply the four-part balancing test articulated in Bell v. Wolfish. 441 U.S. 520, 559 (1979); Harris v. Miller, 818 F.3d at 58. The so-called "Bell Factors" are: "(1) the scope of the particular intrusion; (2) the manner in which it was conducted; (3) the justification for initiating it; and (4) the place in which it was conducted." Harris v. Miller, 818 F.3d at 58 (citing Bell v. Wolfish, 441 U.S. at 559).

The Court addresses each factor in turn.

First, as alleged, plaintiff's strip search was an invasive intrusion. The scope of the intrusion varies depending on two independent factors—the type of search and who performs it. See Harris v. Miller, 818 F.3d at 58–59. Here, plaintiff was subjected to a visual body cavity search, an inherently invasive intrusion. See id. at 58.

---

[4]    Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

Second, the few facts alleged in the complaint suggest that the search was conducted in a reasonable manner. The manner of the search is more likely to be reasonable if the search is conducted in a respectful or "professional manner," rather than an abusive, frightening, or humiliating manner. Harris v. Miller, 818 F.3d at 59–60. Although plaintiff alleges Cardwell "forced" him to undergo the visual cavity search, plaintiff pleads no facts to suggest Cardwell used excessive physical force or violence.

Plaintiff's allegations do not squarely address the third and fourth Bell factors. Plaintiff does not plead what Cardwell's justifications were for initiating the search. Lastly, the search occurred in plaintiff's housing unit. Generally, a search is unreasonable where it is conducted in front of "unnecessary spectators." See Harris v. Miller, 818 F.3d at 59–60. Plaintiff does not plead who, if anyone, witnessed the search or was otherwise present for his search.

Because plaintiff largely fails to plead facts to support analysis under the Bell factors, and in light of the deference afforded to correctional officials in executing practices necessary to ensure safety and security, see Florence v. Bd. of Chosen Freeholders of the Cty. of Burlington, 566 U.S. 318, 326–30 (2012), plaintiff's Fourth Amendment claim must be dismissed. However, the Court grants plaintiff leave to replead his Fourth Amendment claim.

III.    Conspiracy Claim

Plaintiff alleges in conclusory fashion that "all parties involved conspire[d]." (Compl. at 3). It is unclear from the complaint what plaintiff alleges defendants conspired to do.

To the extent plaintiff asserts defendants conspired to violate his constitutional rights, that claim is dismissed. Because the Court dismisses plaintiff's Section 1983 claims, plaintiff's conspiracy claim predicated on the Section 1983 claims also fails. See Singer v. Fulton Cty. Sheriff, 63 F.3d 110, 119 (2d Cir. 1995).

7

To the extent plaintiff alleges defendants conspired to deny his grievances, such allegation is conclusory and is therefore dismissed.

IV.    Leave to Amend

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000). District courts "should not dismiss [pro se complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation omitted).

However, leave to amend may "properly be denied for . . . futility of amendment." Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). This is true even when plaintiff is proceeding pro se. See Martin v. Dickson, 100 F. App'x 14, 16 (2d Cir. 2004) (summary order).

With regard to the conspiracy claim, plaintiff does not plead any facts to suggest any other defendant entered into an agreement with Cardwell to violate plaintiff's constitutional rights. Indeed, plaintiff does not allege any personal involvement by any defendant other than Cardwell at all. Accordingly, plaintiff may not replead the conspiracy claim.

However, because a liberal reading of plaintiff's complaint indicates valid Fourth and Eighth Amendment claims might be stated, and because plaintiff has not previously amended his complaint, the Court grants plaintiff leave to file an amended complaint and replead these claims to the extent he can do so clearly, concisely, truthfully, and plausibly.

8

To the greatest extent possible, plaintiff's amended complaint must address the deficiencies identified in this Opinion and Order and must:

      1.  describe all relevant events, stating the facts that support plaintiff's case including what each individual defendant did or failed to do;

      2.  include any details he may provide regarding who was present during the February 1, 2017, body search;

      3.  describe exactly what happened during the course of the search; and

      4.  include any details he may provide regarding why he believes the search was conducted.

Finally, the amended complaint will completely replace, not supplement, the existing complaint. Therefore, plaintiff must include in the amended complaint _all_ information necessary for his claims. However, plaintiff is directed to include in his amended complaint _only_ those facts and documents he believes plausibly support a violation of his constitutional rights. Plaintiff shall not burden the Court with extraneous facts or documentation regarding issues already resolved.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is GRANTED.

Plaintiff is granted leave to file an amended complaint with the limitations described herein. Plaintiff shall use the Amended Complaint form attached hereto.

Plaintiff shall file his amended complaint no later than July 23, 2018. If plaintiff fails to comply with this Order, the case may be dismissed for failure to prosecute or failure to comply with a court order. Fed. R. Civ. P. 41(b).

Plaintiff submitted a change of address dated April 18, 2018, stating that he was currently housed at Downstate Correctional Facility. However, according to the New York State Department of Corrections and Community Supervision website, plaintiff is currently housed at Fishkill Correctional Facility. Accordingly, Chambers will mail a copy of the Opinion and Order to plaintiff at both facilities, as set forth below:

Ralphie Hayes
DIN 18A1509
Downstate Correctional Facility
P.O. Box F
121 Red Schoolhouse Road
Fishkill, NY 12524

Ralphie Hayes
DIN 18A1509
Fishkill Correctional Facility
P.O. Box 1245
271 Matteawan Road
Beacon, NY 12508

The Court reminds plaintiff of his obligation to notify the Court in writing if his address changes. The Court may dismiss the case if plaintiff fails to do so.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedege v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate the motion. (Doc. # 17).

Dated: June 22, 2018
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

No. 17 CV 6145 (VB)

(To be filled out by Clerk's Office)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.  LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a *"Bivens"* action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.  PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                  Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                    Zip Code

## III.  PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 4:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                      Plaintiff's Signature

_____
First Name                 Middle Initial          Last Name

_____
Prison Address

_____
County, City                          State                 Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:  _____